```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ALLEN WOLFSON,                          :
                    Plaintiff,          :
                                        :    08 Civ. 8796 (DLC)
         -v-                            :
                                        :    MEMORANDUM OPINION
AVRAHAM MOSKOWITZ,                      :         & ORDER
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

Pro se Plaintiff:
Allen Wolfson
03430-018
Federal Medical Center Butner
P.O. Box 1600
Butner, NC 27509

For Defendant:
Mathew J. Bizzaro
L'Abbate, Balkan, Colavita & Contini LLP
1001 Franklin Avenue, 3rd Floor
Garden City, NY 11530

DENISE COTE, District Judge:

Allen Wolfson has filed suit against Avraham Moskowitz, Wolfson's former attorney in a criminal matter. Moskowitz moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion was referred to Magistrate Judge James C. Francis IV for a report and recommendation ("Report"). The Report was filed on April 6, 2009 and recommends that the motion be granted. Wolfson has objected to the Report, and Moskowitz has filed a reply

affidavit in response to Wolfson's objections. For the following reasons, the Report is adopted, and the motion is granted.

BACKGROUND

The facts relevant to Moskowitz's motion are set out in the Report and summarized here. Wolfson was indicted in 2000 on counts related to securities and wire fraud, and he was convicted following a jury trial in 2003 of one count of conspiracy to commit fraud, five counts of securities fraud, and two counts of wire fraud. Wolfson initially retained Moskowitz as his attorney, but Wolfson fired Moskowitz in 2002 before the trial.

Following trial, Wolfson moved for a new trial and to vacate his conviction, as well as to vacate his guilty plea entered in another case,[1] arguing, <u>inter alia</u>, that the jury instructions were defective, that he was incompetent at the time of his trial and plea, and that his counsel was ineffective. The Honorable John G. Koeltl, United States District Judge, denied these motions in two separate opinions issued on the same day. <u>United States v. Wolfson</u>, Nos. S1 00 Cr. 628, S1 02 Cr.

---

[1] Wolfson was separately indicted in 2002, and he pled guilty on that indictment in 2004 to securities fraud and conspiracy to commit securities fraud and wire fraud. <u>United States v. Wolfson</u>, Nos. S1 00 Cr. 628, S1 02 Cr. 1588, 2008 WL 1990797, at *2 (S.D.N.Y. May 5, 2008).

2

1588, 2008 WL 1969730 (S.D.N.Y. May 5, 2008); United States v. Wolfson, Nos. S1 00 Cr. 628, S1 02 Cr. 1588, 2008 WL 1990797 (S.D.N.Y. May 5, 2008).  Judge Koeltl did find that Wolfson was not competent to be sentenced.  Wolfson, 2008 WL 1990797, at *1. Wolfson was therefore provisionally sentenced and ordered to a facility for treatment, and will be given a final sentence when he is deemed competent.[2]

Wolfson's complaint in the instant action alleges that he hired Moskowitz to represent him in a criminal case, but that Moskowitz "intentionally failed to inform [Wolfson] that the indictment against him failed to charge a crime."  The complaint alleges that "Moskowitz entered into a conspiracy with the prosecutor," and that part of that conspiracy was that Moskowitz forced Wolfson to fire him.  Moskowitz "never reveal[ed] that the indictment was not valid," which was "agre[e]d to" by the prosecutor as part of the conspiracy "so that [Wolfson] would be convicted of something that was not a crime."  The complaint alleges that the basis for jurisdiction in federal court is diversity jurisdiction, as Wolfson is a resident of Utah and Moskowitz is a resident of New York.  Wolfson seeks $160 million

---

[2] In light of the fact that neither party has requested a stay of this action by reason of Wolfson's declared incompetence, and the fact that the legal issue involved on the instant motion is so clearly presented, this Court will proceed with its review of the Report.

3

in damages, $575,000 in legal fees, and the suspension of Moskowitz's law license.

Moskowitz moved to dismiss the complaint on three grounds: 1) that the complaint, sounding in legal malpractice, did not state a cognizable claim because Wolfson's conviction has not been vacated; 2) that Wolfson's claims are foreclosed by res judicata and collateral estoppel; and 3) that Wolfson's claims are untimely under the relevant statute of limitations.  Wolfson filed two documents in response, a "Response to Defandant[']s Motion," dated February 2, 2009, and an "Affirmation in Opposition," dated March 17, 2009.  Moskowitz filed a reply affirmation on March 16, 2009.

The Report was filed on April 6, 2009, and recommends granting Moskowitz's motion to dismiss on the ground that Wolfson has not pled a cognizable claim for legal malpractice. Wolfson filed a response to the Report, dated April 10, 2009,[3] and Moskowitz filed a reply affidavit on April 21, 2009.

---

[3] Wolfson calls this filing an "Amendment of Complaint Asking for More Time Until the Appeals Court Rules on Case No. S1-00Cr.628."  The substance of the filing, however, asks not to amend the complaint, but rather it is a direct response to the reasoning of the Report, and thus it will be construed as Wolfson's objection to the Report.

4

DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must make a de novo determination of the portions of the report to which petitioner objects. 28 U.S.C. § 636(b)(1); see United States v. Oberoi, 547 F.3d 436, 453 (2d Cir. 2008) (citation omitted). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Service, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted).

The Report states that in a diversity action such as this case, a federal court applies the choice-of-law rules of the state in which the court sits. See Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir. 2008). Finding that the complaint against Moskowitz for failure to inform Wolfson that the indictment failed to charge a crime was a claim for the tort of legal malpractice, the Report applied New York's "interest analysis," see White Plains Coat & Apron Co., Inc. v. Cintas Corp., 460 F.3d 281, 284 (2d Cir. 2006), and concluded that New York's interest was paramount and therefore New York law applied. See, e.g., LNC Inv., Inc. v. First Fidelity Bank, N.A., 935 F. Supp. 1333, 1350-51 (S.D.N.Y. 1996).

The Report correctly concluded that under New York law, a party cannot maintain a cognizable claim for legal malpractice in connection with representation provided in a criminal case when his conviction still stands.  See Britt v. Legal Aid Soc., Inc., 95 N.Y.2d 443, 447 (2000); Carmel v. Lunney, 70 N.Y.2d 169, 173 (1987).  Thus, because Wolfson has not had his conviction vacated and remains incarcerated, he fails to state a claim for malpractice and his complaint must be dismissed.

Wolfson has not objected to the Report's analysis of his claim, and the Court can discern no clear error in the Report's reasoning.[4]  Rather, Wolfson's "objection" to the Report argues that this Court should place his complaint "on hold" until an appellate court has ruled on his criminal case.  Given that Wolfson has yet to even be sentenced in his criminal case, this Court declines to stay this action.  Wolfson may refile this action in the event a conviction entered in 00 Cr. 628 is vacated.

---

[4] In Wolfson's submissions, he at times discusses his claims in terms of Moskowitz's breach of duty or contract.  Wolfson's claims, however described, relate to his underlying contention that Moskowitz and the prosecutors were conspiring, and that as part of that conspiracy Moskowitz committed malpractice by failing to inform Wolfson that, as Wolfson alleges, his indictment did not charge a crime.

CONCLUSION

The recommendation of Magistrate Judge Francis is adopted, and defendant's January 29, 2009 motion to dismiss is granted without prejudice to Wolfson refiling this action in the event any conviction entered in 00 Cr. 628 is vacated. The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         May 29, 2009

_____
DENISE COTE
United States District Judge

COPIES SENT TO:

Allen Wolfson
03430-018
Federal Medical Center Butner
P.O. Box 1600
Butner, NC 27509

Matthew J. Bizzaro
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, 3rd Floor
Garden City, NY 11530

Magistrate Judge Francis